*The opinion of the Court was delivered by
Cheves, J.
The books enumerate four cases only, in which the testi *248 mony of a witness who lias been examined in a former trial, between the same parties, and where the point in issue was the same, may be given in evidence, on a second trial, from the mouths of other witnesses, who heard him give evidence :
1st. Where the witness was dead.
2d. Where he was insane.
3d. Where he was beyond seas. And
4th. Where the Court was satisfied that the witness had been kept away by the contrivance of the opposite party.
It must be admitted, that in receiving this testimony in these cases, the Courts have gone very far. I think quite as far as they ought to go. But in all of them, the ground of the admissibility of the testimony, was the absence of the witness from death, or inability to be present. Now the analogy between the case where a witness is absent, and one where he is .present, does not seem to be very strong. I do not mean to evade the ingenious argument of the counsel for the motion, that the witness is mentally absent as to the testimony, or that there is some analogy between the case, and that of insanity; but only to state, that the general foundation of the rule, is the personal absence of the witness : and that the present motion is an attempt, by a series of consecutive analogies, to carry the rule so far as to apply it to a state of facts diametrically contrary to that on which it is founded. It is said that this testimony, in the enumerated cases, is admitted ex necessitate, and that in the present case, this reason applies with equal strength. But either the reason is, in my opinion, very indefinitely expressed, or I doubt its accuracy. What is the necessity ? That the party should have the benefit of the testimony. Now this necessity would equally exist in cases where witnesses had never been examined, and who were dead, or unavoidably absent.
But it would be utterly ^unsafe to receive their declarations, without oath, and without cross-examination. It is not then necessity, but expediency, which is the foundation of the rule. It has been deemed expedient to go as far as the cases already enumerated; but would it be wise to go further ? Would it be wise to embrace the present case ? I think not. In the first place, the cases must be very.few, in which third persons will recollect better what a witness said, than he will himself. Such cases must 6e anomalies, for which it will not be worth providing. It will be of little advantage. In the next place, it may be very dangerous. In the last view of it, there is danger that you will substitute rash confidence for prudent hesitation. That which was spoken with the impartiality of truth, may be reported with the heat of controversy. The ear hears too often as the mind thinks; and that which is wished, appears to be said But if we were to receive this testimony, because the witness says he has forgotten what he formerly deposed, could we refuse to receive testimony where he denied what he had said, not from turpitude, but want of memory ? I think not. Then, in all cases where a second examination was had, wo might, and in many we certainly would, have suppletory testimony of this kind. It is known better to the profession than any other men, how frequently the words and declarations of persons speaking plainly, and without equivocation, are misconceived, and misunderstood ; and they can easily infer from this fact, the consequences of the species of testimony which we are called upon to admit.
King, for the motion ; Martin, contra.
The second ground of the motion is equally untenable; at least the cases relied upon, in support of the motion, are cases in the Courts of Admiralty, and Prize Courts, and establish no precedent for the admission of the testimony here offered. In these cases, the rule goes no further than to allow their reception as proof of the concluding fact on which the judgment of the Court is pronounced — But,
1st. Common law judgments do not disclose a knowledge of any such fact.
*2d. It is not a like fact, which the defendant desires to introduce, in this ca'se, but the general state of the facts, on which the first verdict was set aside.
Now in a Court of Admiralty, or Prize Court,[1] this state of facts is not received in evidence. In the Admiralty, the decree is evidence of the condemnation of a vessel, as unseaworthy, hut not of the state of the facts from which that unseaworthiness was inferred. And in a Prize Court, the decree is evidence that the property condemned was enemies’ property, but not of the facts from which that fact was deduced. Besides, in these eases, the judgments of the Courts are received as conclusive evidence, admitting of no denial, and as final judgments of the Courts. But the testimony proposed, is an opinion of the Court, not giving a final judgment, but one setting the case at large, and opening it for another trial. It is unnecessary to enlarge upon these cases to show their want of analogy, and they are all on which this ground rests. I am, therefore, of opinion the motion must be refused.
Colcock, Johnson, and Richardson, JJ., concurred.

 Post. 541, note (a).